CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

December 23, 2025

LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **LORENZO THOMAS,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:24cv00498** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **CPL. T. SHIVELY, et al.,** | ) | **By:  Robert S. Ballou** |
| **Defendants.** | ) | **United States District Judge** |

Lorenzo Thomas, a Virginia inmate proceeding *pro se*, has filed a Complaint under 42 U.S.C. § 1983 against two police officers and his court-appointed attorney.  He alleges that he was wrongly convicted because his attorney failed to represent him properly and failed to show that he was falsely arrested by police, in violation of his constitutional rights.  On preliminary review of this matter, as required by 28 U.S.C. § 1915A(a), I find that it must be dismissed.

Thomas's claims are virtually identical to the ones he raised in *Thomas v. Danville City Police*, No. 7:24cv482 (W.D. Va. Filed July 26, 2024), except that he named police officers this time instead of the police department.  As indicated in Thomas's earlier case, a claim for false arrest is time-barred, because he was arrested three years before filing this lawsuit.  Nor is a claim for malicious prosecution viable, because he was convicted, such that the proceedings against him did not terminate favorably to him.  *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994).  His claims against defendants Cpl. Shively and Sgt. Horn will be dismissed.

As for the suit against his attorney, his attorney is not a proper defendant in a § 1983 case. Section 1983 provides a cause of action against a person who, acting under color of state law, violates the constitutional rights of another.  An attorney representing a criminal defendant is not acting under color of state law, even if he is a public defender or court-appointed lawyer.  *Polk*

*County v. Dodson*, 454 U.S. 312, 325 (1981); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980).  The suit against defendant Hairston will be dismissed.

Finally, to the extent that plaintiff seeks to have his conviction overturned, that is not a proper function of a § 1983 suit.  Section 1983 is a suit that seeks monetary relief for harm caused by unconstitutional state action or for unconstitutional conditions of living in prison.  Challenges to the fact of conviction and custody itself are properly the province of habeas corpus petitions.  Thomas was given the opportunity to file an amended petition for habeas corpus in the earlier suit, and he failed to do so.  He has failed to state a cause of action upon which relief can be granted, and this action will, therefore, be **DISMISSED.**

An appropriate order will be entered this date.

Enter:  December 19, 2025

*/s/ Robert S. Ballou*

Robert S. Ballou
United States District Judge